**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7             IN THE UNITED STATES DISTRICT COURT

8             FOR THE NORTHERN DISTRICT OF CALIFORNIA

9                         SAN JOSE DIVISION

10   Joel Cabrera,                              NO. C 08-03761 JW

11              Plaintiff,                       **ORDER GRANTING PLAINTIFF'S**
                                                 **MOTION FOR ATTORNEY FEES**
        v.
12
     Bay Area Credit Services,
13
                Defendant.
14   _____/

15        Presently before the Court is Plaintiff's Motion for Attorney's Fees and Costs.  (hereafter,

16   "Motion," Docket Item No. 29.)  Plaintiff seeks an award of $5,198.50 in attorney fees and costs.

17   (Motion at 10.)  Defendant opposes, contending that the amount of fees requested is excessive.

18   (Defendant Bay Area Credit Services, Inc.'s Opposition to Plaintiff's Motion for Attorney's Fees at

19   1, Docket Item No. 31.)

20        After finding that a plaintiff is entitled to fees, "[i]t remains for the district court to determine

21   what fee is reasonable."  Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  The law is well-

22   established that the starting point for determining the amount of an attorney fee award is to calculate

23   the "Lodestar."  Id.; Morales v. City of San Rafael, 96 F.3d 359, 363 (9th Cir. 1996).  A court

24   calculates the Lodestar by "multiplying the number of hours the prevailing party reasonably

25   expended on the litigation by a reasonable hourly rate."  Id.  Once the Lodestar is calculated, there

26   exists a strong presumption that the figure "represents a reasonable fee."  Id. at 363 n.8.

27   Nevertheless, after the Lodestar is calculated, a court may assess "whether it is necessary to adjust

28   the presumptively reasonable Lodestar figure on the basis of the Kerr factors that are not already

subsumed in the initial Lodestar calculation." Id. at 363; Kerr v. Screen Guild Extras, Inc., 526 F.2d 67, 70 (9th Cir. 1975).[1]  While it is not incumbent on the court to address the Kerr factors expressly, it must take into account those factors not already subsumed in the Lodestar.  Morales, 96 F.3d at 364 n.10.

In this case, the parties entered into a settlement agreement under which they agreed to negotiate the payment to Plaintiff of reasonable attorney fees, and submit the matter to the Court if they could not reach a resolution.  (Motion, Ex. B.)  Plaintiffs seek $5,198.50 in fees and costs according to the following:

| Attorney | Hours | Rate | Total |
|---|---|---|---|
| Adam Krohn | 3.0 | $394 | $1,182 |
| Mike Agruss | 4.7 | $290 | $1,363 |
| Nicholas Bontrager | 9.2 | $175 | $1,610 |
| Harry Bradley | 1.5 | $254 | $381 |
| Clerk | 2.5 | $125 | $312.50 |

Plaintiff also seeks $350 in costs.  (Motion, Ex. C.)

Upon consideration of the documents provided by the parties and the Kerr factors outlined above, the Court finds, with one exception, the amount of fees and costs requested are reasonable. With respect to the work performed after the February 26, 2009 Notice of Settlement was filed, the Court finds that all such work was in connection with Plaintiff's counsel's negotiations for attorney fees.  The Court finds that post settlement negotiations regarding attorney fees cannot be

---

[1]  The twelve Kerr factors bearing on the reasonableness of the calculation of attorney fees under federal law are:  1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.  Id.

1    appropriately charged to Defendant.  Thus, the Court subtracts a total of $629.50[2] from the fees

2    requested by Plaintiff, for a total award of $4,569.

3         Accordingly, the Court GRANTS Plaintiff's Motion for Attorney's Fees and Costs.  Plaintiff

4    is awarded attorney fees and costs in the total amount of $4,569.

5         On or before **June 25, 2009**, the parties shall filed a Stipulated Dismissal.  Failure to do so

6    may result in appropriate sanctions for both parties.

7

8

9    Dated:  June 10, 2009

10                                                      JAMES WARE
                                                        United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

     _____

27        [2]  This amount is based on Mike Agruss' 0.20 hours and Harry Bradley's 1.5 hours billed on
     March 3, 2009 and March 6, 2009, respectively.  (Motion, Ex. C.)

28                                                    3

**United States District Court**
For the Northern District of California

**United States District Court**

For the Northern District of California

1  **THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

2  Andrew M. Steinheimer asteinheimer@ecplslaw.com
   Darrell Warren Spence dspence@ecplslaw.com
3  Michael S Agruss magruss@consumerlawcenter.com
   Nicholas Joseph Bontrager nbontrager@consumerlawcenter.com
4

5

6  **Dated:  June 10, 2009**                                  **Richard W. Wieking, Clerk**

7                                                             **By:    /s/ JW Chambers                **
                                                               **Elizabeth Garcia**
8                                                              **Courtroom Deputy**

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28